STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| B.M. | ) | |
| K.M. | ) | |
| | ) | CASE NO. 10-BE-5 |
| | ) | 10-BE-6 |
| | ) | |
| | ) | OPINION |
| | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common
Pleas, Juvenile Division of Belmont
County, Ohio
Case No. 09JG192, 09JG193

JUDGMENT:    Reversed

APPEARANCES:
For Appellant    Attorney Grace Hoffman
P.O. Box 560
3800 Jefferson Street
Bellaire, Ohio 43906

For Appellee    Attorney Michael Shaheen
227 East Main Street
P.O. Box 579
St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 13, 2011

DONOFRIO, J.

{¶1} Appellant, Crystal S., appeals from two Belmont County Common Pleas Court judgments granting custody of her children to their paternal grandmother, appellee, Deborah C.

{¶2} Appellant and Brian M. had two children together, K.M., born in 1999, and B.M., born in 2003. At the time of K.M.'s birth, appellant was 17 years old. Appellant and Brian had an on-and-off relationship that ended around the time of B.M.'s birth. During this time, various family members helped appellant care for the children, including appellee.

{¶3} After appellant and Brian broke up, appellant had numerous residences. She always maintained custody of her children and they moved around with her to various towns in Ohio and West Virginia.

{¶4} In March 2009, appellant brought the children to Alabama to attend her wedding to her boyfriend Keith who was working in Alabama at the time. She took them out of school on approximately March 15. After the wedding, appellant had car problems and could not drive the children back home. Consequently, appellee drove to Alabama to pick them up. Appellant stayed in Alabama with Keith in order to get her car repaired. She did not return to Ohio until April 13.

{¶5} In the meantime, on April 9, 2009, appellee filed motions for permanent custody of K.M. and B.M. On April, 13, the court ordered that the children were to remain with appellee during the pendency of this matter

{¶6} The magistrate began a hearing on the matter on May 13, 2009. The magistrate concluded that hearing on July 16, 2009. The magistrate denied appellee's custody motions finding that appellant was not an unfit parent, appellant had not abandoned the children, appellant was not incapable of caring for the children, and an award of custody to appellant would not be detrimental to the children.

{¶7} Appellee filed objections to the magistrate's decisions. The trial court overruled the magistrate's decisions. It found that appellant is unsuitable and an

award of custody to her would be detrimental to the children. Therefore, the court granted custody of both children to appellee.

{¶8} Appellant filed timely notices of appeal on February 22, 2010. This court consolidated the two appeals.

{¶9} Appellant raises two assignments of error, the first of which states:

{¶10} "THE TRIAL COURT DID NOT HAVE JURISDICTION OVER THE CHILDREN WHO ARE THE SUBJECT OF THIS MATTER."

{¶11} Appellant argues that the trial court did not have jurisdiction over the children because they were residents of West Virginia and not Ohio. She asserts that on appellee's residential affidavit, appellee even listed the children as living in Scottsboro, Alabama; Bellaire, Ohio; Glendale, West Virginia; Wheeling, West Virginia; again in Bellaire, Ohio; West Liberty, West Virginia; and again in Wheeling, West Virginia prior to filing her motion for custody. She claims that the children did not live in Ohio until appellee brought them here and received a temporary custody order. She further points to her own testimony for support where she testified as to the various places she lived in West Virginia. Consequently, appellant argues that West Virginia was the only state that could make a custody determination as to the children.

{¶12} The purpose of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) is to avoid conflicts between different states involving child custody cases. Ohio codified the UCCJEA in R.C. 3127.01 through 3127.53. The Act's intent was to ensure that a state court would not exercise jurisdiction over a child custody proceeding if a court in another state was already exercising jurisdiction over the child in a pending custody proceeding. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, at ¶¶20-21.

{¶13} On appeal, we will only reverse a trial court's decision to exercise jurisdiction pursuant to the UCCJEA if the court committed an abuse of discretion. *In re N.R.*, 7th Dist. No. 09-MA-85, 2010-Ohio-753, at ¶12. Abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was

arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶14} R.C. 3127.15(A) is the exclusive jurisdictional basis for making a child custody determination by an Ohio court. R.C. 3127.15(B). It provides:

{¶15} "(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

{¶16} "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

{¶17} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum * * * and both of the following are the case:

{¶18} "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

{¶19} "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

{¶20} "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child * * *.

{¶21} "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section." R.C. 3127.15(A).

{¶22} "Home state" is defined as the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding. R.C. 3127.01(B)(7). A

period of temporary absence is counted as part of the six-month period. R.C. 3127.01(B)(7).

**{¶23}** Neither the magistrate nor the trial court made any findings regarding jurisdiction. However, they must have concluded that the court did have jurisdiction to make a custody determination because appellant made an objection on this basis.

**{¶24}** Appellant did not file a transcript of the first day of the hearing, May 13, 2009. Instead, she filed a statement in lieu of transcript, which was approved by the trial court and included as part of the record by this court. The evidence from the statement in lieu of transcript reveals the following. The children had most recently attended Glendale Elementary School in Glendale, West Virginia. Appellee used attendance records from Glendale Elementary as evidence in her case. The children had resided in West Virginia for the past year, staying only briefly at appellee's home in Bellaire, Ohio between moves. The children resided in Wheeling, West Virginia from February 2008 to August 2008; in West Liberty, West Virginia from August 2008 to October 2008; in Wheeling, West Virginia from October 2008 to January 2009; and in Glendale, West Virginia from January 2009 until they went to Alabama and were then taken by appellee to Ohio.

**{¶25}** As can be seen, the evidence demonstrated that from February 2008 until the time appellee brought the children to Ohio in March 2009, the children resided in West Virginia with appellant. Thus, pursuant to R.C. 3127.01(B)(7)'s definition, Ohio is not considered the children's home state because they did not reside in Ohio for six months prior to the commencement of this action. Instead, West Virginia is the children's home state. Thus, the trial court could not have assumed jurisdiction under R.C. 3127.15(A)(1).

**{¶26}** And the trial court could not have assumed jurisdiction under R.C. 3127.15(A)(2). This section requires either that another court does not have jurisdiction under R.C. 3127.15(A)(1) or that a court of the home state has declined to exercise jurisdiction on the basis that Ohio is the more appropriate forum. Here, because West Virginia is the children's home state and because there is no evidence

that West Virginia has ever declined jurisdiction, jurisdiction was not proper under this section.

**{¶27}** Likewise, the court could not have assumed jurisdiction under R.C. 3127.15(A)(3) because, from the record, no other state court has declined to exercise jurisdiction on the ground that an Ohio court is the more appropriate forum to determine the custody.

**{¶28}** Finally, the trial court could not assume jurisdiction under R.C. 3127.15(A)(4), because it requires that no court of any other state would have jurisdiction under R.C. 3127.15(A)(1), (2), or (3).

**{¶29}** Based on the above, the trial court abused its discretion in determining that it had jurisdiction over this matter.

**{¶30}** Accordingly, appellant's first assignment of error has merit.

**{¶31}** Appellant's second assignment of error states:

**{¶32}** "THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTED REVERSIBLE ERROR AND RULED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN AWARDING CUSTODY OF THE MINOR CHILDREN TO THEIR PATERNAL GRANDPARENTS AS THE EVIDENCE DID NOT SUPPORT THE FINDING THAT THE MOTHER WAS UNSUITABLE OR UNFIT."

**{¶33}** Because the trial court did not have jurisdiction in this matter, appellant's second assignment of error is moot.

**{¶34}** For the reasons stated above, the trial court's judgment is hereby reversed.

Waite, P.J., concurs.

DeGenaro, J., concurs.