Rosen, Appellant, v. Celebrezze, Judge, et al., Appellees.

[Cite as *Rosen v. Celebrezze,* 117 Ohio St.3d 241, 2008-Ohio-853.]

(No. 2007–1571—Submitted January 8, 2008—Decided March 5, 2008.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of prohibition to prevent a common pleas court judge from proceeding with the issues of child custody and parental rights in a case that began as an action for legal separation and is currently a contested divorce action. Because the court of appeals erred in dismissing the complaint and the common pleas court judge patently and unambiguously lacks jurisdiction to proceed in the underlying case, we reverse the judgment of the court of appeals and grant the writ.

{¶ 2} Appellant, Dr. David A. Rosen, and appellee Dr. Kathleen R. Rosen, married and had four children, three of whom are still minors. From May 1992 to December 2005, the Rosen family resided in Morgantown, Monongalia County, West Virginia.

{¶ 3} On December 1, 2005, Kathleen moved from West Virginia to Cuyahoga County, Ohio, with the Rosens' two youngest children, who are twins. The Rosens' other minor child never relocated to Ohio.

{¶ 4} About four months later, on April 6, 2006, Kathleen filed a complaint in the Cuyahoga County Court of Common Pleas, Domestic Relations Division, for legal separation, financial support, and custody of the parties' three minor children. Kathleen later filed an amended complaint for divorce, spousal support, child support, attorney fees, allocation of parental rights and responsibilities, and further legal and equitable relief.

{¶ 5} On April 27, 2006, David filed his own petition for divorce and a motion for an expedited hearing on the issue of custody in the Family Court of Monongalia County, West Virginia. The West Virginia court determined that it had jurisdiction over the custody of the parties' three minor children notwith-

standing Kathleen's previously filed Ohio action. On appeal, a West Virginia circuit court affirmed the judgment of the family court.

{¶ 6} In the Ohio case, appellee Judge James P. Celebrezze of the domestic relations court granted Kathleen's motion for the court to exercise jurisdiction, denied David's motion to dismiss all issues regarding parental rights in Kathleen's action, and designated Kathleen as the temporary residential parent of all three of the parties' minor children. Judge Celebrezze found that "Ohio is the more appropriate forum to determine the custody of the minor children," that "the evidence of the minor children's present and future care is likely to be found in the State of Ohio and therefore the State of West Virginia is a[n] inconvenient forum for the determination of parental rights and responsibilities," that Kathleen "and at least two of the three minor children have significant connection with the State of Ohio and substantial evidence exists in the State of Ohio with regard to the children's care, protection, training, and personal relationships," and that David "waived his rights under the Ohio [Uniform Child Custody Jurisdiction and Enforcement Act] by agreeing to the relocation of [Kathleen] and the minor children to the State of Ohio." The court of appeals dismissed for lack of a final appealable order David's appeal from Judge Celebrezze's denial of his motion to dismiss.

{¶ 7} In November 2006, David filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent Judge Celebrezze from exercising jurisdiction over the issues of child custody and parental rights in the underlying case filed by Kathleen. David named Judge Celebrezze and Kathleen as respondents in the prohibition action. Judge Celebrezze and Kathleen filed Civ.R. 12(B)(6) motions to dismiss David's prohibition complaint for failure to state a claim upon which relief can be granted. David filed briefs in opposition.

{¶ 8} In July 2007, the court of appeals granted appellees' motions and dismissed David's prohibition complaint.

{¶ 9} This cause is now before the court upon David's appeal as of right.

### Motions for Oral Argument

{¶ 10} David and Kathleen both request oral argument. Oral argument is not mandatory in this appeal as of right. S.Ct.Prac.R. IX(1). "Nevertheless, we have discretion to grant oral argument pursuant to S.Ct.Prac.R. IX(2)(A), and in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 11} This case does not involve complex legal or factual issues, a substantial constitutional issue, or a conflict among courts of appeals. Moreover, notwith-

standing the parties' contentions that this case raises issues of first impression and great public importance, the parties' briefs are sufficient to resolve the legal issues. Cf. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* 114 Ohio St.3d 183, 2007-Ohio-3831, 870 N.E.2d 1174, ¶ 44. Significantly, we have resolved comparable prohibition cases involving jurisdiction over child-custody issues without requiring oral argument. *State ex rel. Morenz v. Kerr,* 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162; *State ex rel. Seaton v. Holmes,* 100 Ohio St.3d 265, 2003-Ohio-5897, 798 N.E.2d 375.

{¶ 12} Therefore, we deny the motions for oral argument.

## Civ.R. 12(B)(6) Standard

{¶ 13} David asserts that the court of appeals erred in dismissing his complaint for a writ of prohibition for failure to state a claim upon which relief can be granted. The Civ.R. 12(B)(6) dismissal of David's prohibition complaint for failure to state a claim upon which relief can be granted was appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in David's favor, it appeared beyond doubt that David could prove no set of facts entitling him to the requested extraordinary writ of prohibition. See *State ex rel. Conkle v. Sadler,* 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8. The court of appeals dismissed David's complaint, concluding that the complaint had an improper caption and that Judge Celebrezze did not patently and unambiguously lack jurisdiction to determine custody in the underlying divorce case. The propriety of these conclusions is next considered.

## Caption of Prohibition Complaint

{¶ 14} The court of appeals determined that David's prohibition complaint is defective because the complaint does not specify that it is brought on relation of the state. The court of appeals relied on its opinion in *Davis v. Ohio State Adult Parole Auth.,* Cuyahoga App. No. 88335, 2006-Ohio-5429, 2006 WL 2977980, ¶ 7, in which it held that the "caption of a complaint in prohibition must reflect that the action is brought on relation of the state." *Davis,* in turn, cited *Thomas v. McGinty,* Cuyahoga App. No. 87051, 2005-Ohio-6481, 2005 WL 3315035, ¶ 2, for this proposition. *McGinty,* which was an action in both prohibition and mandamus, cited *Maloney v. Allen Cty. Court of Common Pleas* (1962), 173 Ohio St. 226, 19 O.O.2d 45, 181 N.E.2d 270, and *Dunning v. Cleary* (Jan. 11, 2001), Cuyahoga App. No. 78763, 2001 WL 61077.

{¶ 15} *Maloney* and *Dunning,* however, were both *mandamus* cases that interpreted the statutory requirement that an "[a]pplication for the writ of *mandamus* must be by petition, in the name of the state on the relation of the person applying." (Emphasis added.) R.C. 2731.04. "If * * * a respondent in a mandamus action raises this R.C. 2731.04 defect and relators fail to seek leave to

amend their complaint to comply with R.C. 2731.04, the mandamus action must be dismissed." *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 36.

{¶ 16} There is no comparable statutory requirement for prohibition cases, and we have not implied one. Therefore, the court of appeals erred in holding that David's prohibition complaint was defective and subject to dismissal because it was not captioned in the name of the state on his relation.

### Prohibition: Jurisdiction Under the Uniform Child Custody Jurisdiction and Enforcement Act

{¶ 17} The court of appeals also determined that David's complaint did not state a viable prohibition claim. In order to be entitled to the requested writ of prohibition, David must establish that (1) Judge Celebrezze is about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Wellington v. Kobly,* 112 Ohio St.3d 195, 2006-Ohio-6571, 858 N.E.2d 798, ¶ 14. It is uncontroverted that David established the first requirement because Judge Celebrezze has exercised and continues to exercise jurisdiction over the custody issues in Kathleen's divorce case.

{¶ 18} Regarding the remaining requirements, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. In those cases where jurisdiction is patently and unambiguously lacking, the requirement of the lack of an adequate remedy at law need not be proven, because the availability of alternate remedies like appeal is immaterial. See *State ex rel. Florence v. Zitter,* 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 16, and cases cited therein.

{¶ 19} David asserts that Judge Celebrezze patently and unambiguously lacks jurisdiction to determine child-custody issues in Kathleen's case because of the Uniform Child Custody Jurisdiction and Enforcement Act.

{¶ 20} "To help resolve interstate custody disputes, the Uniform Child Custody Jurisdiction Act ('UCCJA') was drafted in 1968 and adopted by Ohio in 1977." *Justis v. Justis* (1998), 81 Ohio St.3d 312, 314, 691 N.E.2d 264, citing former R.C. 3109.21 to 3109.37, 137 Ohio Laws, Part I, 359. A purpose of the UCCJA was "to avoid jurisdictional competition and conflict with courts of other jurisdictions" in custody matters. *In re Palmer* (1984), 12 Ohio St.3d 194, 196, 12 OBR 259, 465 N.E.2d 1312. This purpose, however, was defeated by departures from the original text of the UCCJA in many states and by inconsistent decisions by state

courts during about 30 years of litigation. See Uniform Child Custody Jurisdiction and Enforcement Act, Prefatory Note (1997), 9 Uniform Laws Ann. 649, 650.

{¶ 21} To rectify this problem, the National Conference of Commissioners on Uniform State Laws promulgated the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") in 1997 to replace the UCCJA. Prefatory Note, 9 Uniform Laws Ann. 649, 650; *Watson v. Watson* (2006), 272 Neb. 647, 651, 724 N.W.2d 24. "The most significant change[ ] the UCCJEA makes to the UCCJA is giving jurisdictional priority and exclusive continuing jurisdiction to the home state." Annotation, Construction and Operation of Uniform Child Custody Jurisdiction and Enforcement Act (2002), 100 A.L.R.5th 1, 20, Section 2[b]. The UCCJEA "eliminates a determination of 'best interests' of a child from the original jurisdictional inquiry." *Stephens v. Fourth Judicial Dist. Court* (2006), 331 Mont. 40, 2006 MT 21, 128 P.3d 1026, ¶ 7.

{¶ 22} Since the conference's adoption of the UCCJEA, over 40 states, including Ohio and West Virginia, as well as the District of Columbia and the Virgin Islands, have repealed their versions of the UCCJA and adopted the UCCJEA. See Table of Jurisdictions Wherein Act Has Been Adopted, 9 Uniform Laws Ann. (Supp.2007) 90–91. In Ohio, the UCCJEA is codified in R.C. Chapter 3127.

{¶ 23} R.C. 3127.15(A) specifies the following jurisdictional grounds for an Ohio court to make an initial determination in a child-custody proceeding:

{¶ 24} "Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

{¶ 25} "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

{¶ 26} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

{¶ 27} "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

{¶ 28} "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

{¶ 29} "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.

{¶ 30} "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section."

{¶ 31} Thus, the UCCJEA, as codified in Ohio, provides four types of initial child-custody jurisdiction: home-state jurisdiction, significant-connection jurisdiction, jurisdiction because of declination of jurisdiction, and default jurisdiction. R.C. 3127.15(A)(1) through (4). "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *." R.C. 3127.01(B)(7).

{¶ 32} For purposes of R.C. 3127.15(A)(1), Ohio is not the home state of the Rosens' minor children because it was not the home state of the minor children on the date of the commencement of Kathleen's action or within six months before that date. R.C. 3127.01(B)(7). When Kathleen filed her complaint for legal separation, she and the Rosens' two youngest minor children had lived only about four months in Ohio and had not lived at least six consecutive months in Ohio ending within the six-month period before she filed the case. The presence of Kathleen and two of the minor children for "almost six months is insufficient" to confer home-state jurisdiction on Ohio under the UCCJEA. See Annotation, 100 A.L.R.5th at 15, Section 2[a], and cases cited therein.

{¶ 33} Judge Celebrezze and the court of appeals, however, relied on their conclusion that West Virginia also lacks home-state jurisdiction in order to find that Ohio might have significant-connection jurisdiction under R.C. 3127.151(A)(2) to determine the child-custody issue.

{¶ 34} To be sure, there appears to be contradictory language in the UCCJEA, as reflected in the Ohio and West Virginia statutes. R.C. 3127.15(A)(1) and W.Va.Code 48–20–201(a)(1) manifestly confer home-state jurisdiction on the state that either (1) "is the home state of the child on the date of the commencement of the proceeding," or (2) "was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state." Yet R.C. 3127.01(B)(7) defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months *immediately preceding the commencement of a child custody proceeding*." (Emphasis added.) See also W.Va.Code 48–20–102(g), which contains a substantially similar definition of "home state."

{¶ 35} Judge Celebrezze argues that because West Virginia was not the home state of any of the minor children for six consecutive months *immediately preceding* the April 2006 commencement of David's West Virginia divorce proceeding, he does not lack jurisdiction to proceed in Kathleen's Ohio divorce case, based on significant-connection jurisdiction.

{¶ 36} This argument, however, lacks merit. In *Stephens,* 331 Mont. 40, 2006 MT 21, 128 P.3d 1026, the Montana Supreme Court decided this issue in the context of a comparable prohibition case. In that case, the parents and their minor children lived in Arkansas from 2002 until May 2005, when they moved to Montana. Less than six months later, the father filed a dissolution action in Montana. The Montana Supreme Court granted a writ of prohibition to the mother to prevent the Montana dissolution action from proceeding because Arkansas was the home state of the minor children within six months before the filing of the case.

{¶ 37} In so holding, the Montana Supreme Court rejected the argument relied on by Judge Celebrezze here:

{¶ 38} "The drafters intended that the UCCJEA should be construed to promote one of its primary purposes of avoiding the jurisdictional competition and conflict that flows from hearings in competing states when each state substantively reviews subjective factors, such as 'best interest,' for purposes of determining initial jurisdiction. We thus resolve any statutory conflict in the application of home state jurisdiction in a manner consistent with the UCCJEA's intent of strengthening the certainty of home state jurisdiction.

{¶ 39} "As a result, we held that 'home state' for purposes of determining initial jurisdiction under [the Montana UCCJEA] is not limited to the time period of '6 consecutive months immediately before the commencement of a child custody proceeding.' The applicable time period to determine 'home state' in such circumstances should be 'within 6 months before the commencement of the [child custody] proceeding.' [Montana UCCJEA.] This interpretation promotes the priority of home state jurisdiction that the drafters of the UCCJEA specifically intended. The interpretation posed by the District Court and [one of the parents] would result in narrowing home state jurisdiction. It would increase the number of potentially conflicting jurisdictional disputes in competing jurisdictions. This result conflicts with the UCCJEA's purpose." *Stephens,* 331 Mont. 40, 2006 MT 21, 128 P.3d 1026, ¶ 12–13.

{¶ 40} Courts that have addressed this issue have reached a similar holding. See, e.g., *Welch–Doden v. Roberts* (App.2002), 202 Ariz. 201, 42 P.3d 1166, ¶ 33–36, and cases from Texas and New York cited therein (Oklahoma had home-state jurisdiction because it was the child's home state within six months before the Oklahoma divorce case was filed); *Lebejko v. Lebejko* (2007), 42 Conn.L.Rptr.

760, 2007 WL 824452, *5 ("when children move with a parent from a state with home state status to another state the former state does not lose its home state status if the other parent resides there until the children have lived in the new state for six months, at which point that state has acquired home state status"); *Thomas v. Arkansas Dept. of Human Servs.* (Ark.App.2005), 2005 WL 768729, *3 (Illinois was the child's home state under the Arkansas UCCJEA because "it was the child's home state within six months before the commencement of the proceeding and the maternal grandparents, who acted as parents to the child, continue to live there"); cf. *In re Adoption of Asente* (2000), 90 Ohio St.3d 91, 734 N.E.2d 1224 (court reaches similar holding in construing comparable, albeit differently worded, UCCJA provisions).

{¶ 41} This interpretation of the pertinent UCCJEA provisions advances the primary purpose of the act—to avoid jurisdictional competition—and avoids rendering meaningless the provision conferring home-state jurisdiction on the state that was the home state within six months before the commencement of the child-custody proceeding. See R.C. 3127.15(A)(1) and W.Va.Code 48–20–201(a)(1); see also *United Tel. Credit Union v. Roberts,* 115 Ohio St.3d 464, 2007-Ohio-5247, 875 N.E.2d 927, ¶ 10 (court construes statutes to avoid unreasonable or absurd results).

{¶ 42} Similarly, West Virginia was the home state of David and Kathleen's minor children because they had lived there for six consecutive months as of a date within the six-month period before David filed his West Virginia divorce action. Therefore, West Virginia was the home state of the minor children "within six months before the commencement" of David's West Virginia divorce case, i.e., they had lived in West Virginia for six consecutive months ending within the six months before the West Virginia case commenced. R.C. 3127.15(A)(1) and 3127.01(B)(7); see also W.Va.Code 48–20–201(a)(1). Consequently, significant-connection jurisdiction under R.C. 3127.15(A)(2) is inapplicable and provides no basis for an Ohio court to proceed.

{¶ 43} Nor is this a case in which West Virginia has declined jurisdiction to determine the custody of the minor children or a case in which Ohio has default jurisdiction over the custody issue. R.C. 3127.15(A)(3) and (4). And there is no contention or evidence that Ohio has temporary emergency jurisdiction over the minor children under R.C. 3127.18.

{¶ 44} Therefore, Ohio lacks jurisdiction under the UCCJEA to make the initial custody determination. Despite appellees' claims, this is not a mere error in the exercise of jurisdiction; it is a defect in the Ohio court's subject-matter jurisdiction. See R.C. 3127.15(B) ("Division (A) of this section is the *exclusive jurisdictional basis* for making a child custody determination by a court of this state" [emphasis added] ); *Harshberger v. Harshberger* (N.D.2006), 724 N.W.2d

148, ¶ 15 ("the UCCJEA establishes the criteria for deciding which state's courts have subject matter jurisdiction to make a child custody decision involving interstate custody disputes"); *S.B. v. State Dept. of Health & Soc. Servs.* (Alaska 2002), 61 P.3d 6, 15, fn. 39 (UCCJEA provides "exclusive bases for assertion of subject matter jurisdiction to make initial custody determination").

{¶ 45} Judge Celebrezze's contention that David waived any UCCJEA claim also lacks merit.[1] "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Courts have thus held that UCCJEA claims cannot be waived. See, e.g., *In re A.C.S.* (Tex.App.2004), 157 S.W.3d 9, 15 ("subject matter jurisdiction under the UCCJEA cannot be waived"); *In re Marriage of Pritchett* (Colo.App.2003), 80 P.3d 918, 921 (parent did not waive UCCJEA jurisdictional objection); *Foley v. Foley* (2003), 156 N.C.App. 409, 411–412, 576 S.E.2d 383 (trial court erred in ruling that parent signing consent order waived UCCJEA challenge to subject-matter jurisdiction of court).

{¶ 46} Moreover, the mere fact that the Ohio court has basic statutory jurisdiction to determine custody matters in legal-separation and divorce cases, see, e.g., R.C. 3109.04(A), 3105.21(A), and 3105.011, does not preclude a more specific statute like R.C. 3127.15 from patently and unambiguously divesting the court of such jurisdiction. See, e.g., *State ex rel. Kaylor v. Bruening* (1997), 80 Ohio St.3d 142, 146, 684 N.E.2d 1228 (granting writ of prohibition after finding that while the court and judge had basic statutory jurisdiction, "R.C. 3107.15(A)(1) patently and unambiguously divested them of jurisdiction to proceed on the biological mother's motions relating to visitation following the adoption decree terminating the natural mother's parental rights").

{¶ 47} In addition, notwithstanding Judge Celebrezze's assertions, the fact that the Ohio case was filed before the West Virginia case did not prevent the West Virginia court from proceeding, because the Ohio court does not have "jurisdiction substantially in conformity" with the UCCJEA, and therefore priority is irrelevant. W.Va.Code 48–20–206 and R.C. 3127.20(A); see also *Welch–Doden*, 202 Ariz. 201, 42 P.3d 1166, ¶ 47 ("Because Oklahoma had home state jurisdiction, Arizona did not have jurisdiction 'substantially in conformity with this chapter' ").

---

1. Insofar as Kathleen raises this same argument and related claims in her February 8, 2008 motion to dismiss, the motion lacks merit and is denied. Moreover, we generally dismiss an appeal as of right only when the court lacks subject-matter jurisdiction to review the appeal, the appeal is barred by statute, or the appeal has been rendered moot. See, e.g., *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101; *In re Bozsik*, 114 Ohio St.3d 1473, 2007-Ohio-3699, 870 N.E.2d 727; *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928. None of these grounds apply here.

{¶ 48} Therefore, once the material factual allegations of David's prohibition complaint and all reasonable inferences therefrom are construed most strongly in his favor, his complaint stated a viable prohibition claim based on the UCCJEA. The court of appeals thus erred in granting appellees' motion and dismissing the complaint.

## Plenary Authority

{¶ 49} The court of appeals erred in dismissing David's complaint for a writ of prohibition for failure to state a claim upon which relief can be granted. "Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand to that court for further proceedings." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288. "If the parties, however, are in agreement about the pertinent facts, we can exercise our plenary authority in extraordinary actions and address the merits." *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 500, 696 N.E.2d 1054.

{¶ 50} Therefore, because the pertinent evidence here is uncontroverted and from that evidence David is entitled to the requested extraordinary relief because Judge Celebrezze patently and unambiguously lacks subject-matter jurisdiction under the UCCJEA to determine child custody, see R.C. 3127.15(A)(1), no remand is necessary. The parties are in agreement about the pertinent facts here. Furthermore, although there seems at first to be some textual conflict within the UCCJEA between the "home state" definition and the initial-custody provisions, the courts' unanimous construction of these provisions to confer home-state jurisdiction on the state that was the home state within six months of the commencement of the child-custody proceeding, which is consistent with the purpose of the UCCJEA, makes the lack of jurisdiction of the Ohio court patent and unambiguous. Notably, in *Stephens*, 331 Mont. 40, 2006 MT 21, 128 P.3d 1026, ¶ 18, the Montana Supreme Court granted a writ of prohibition under similar circumstances ("In light of the tender ages of the minor children and the upheaval from having to return from their home state of Arkansas to participate in a judicial process that likely would be reversed on appeal, we determine that the granting of the Writ of Prohibition would be appropriate under these circumstances"). Therefore, we grant a writ of prohibition to prevent Judge Celebrezze from proceeding with the issues of child custody and parental rights in the underlying case.

Judgment reversed
and writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

William T. Wuliger, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee Judge James P. Celebrezze.

Zashin & Rich Co., L.P.A., Jonathan A. Rich, Robert M. Fertel, and Andrew A. Zashin, for appellee Kathleen R. Rosen.