[Cite as *In re A.G.*, 2014-Ohio-2776.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100783 and 100912**

# IN RE: A.G. A-G.
# A Minor Child

[Appeal By C. Smith, Maternal Aunt]

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU 13115886 and AD 13917917

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEY FOR APPELLANT**

John H. Lawson
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103


**FOR APPELLEES**

**For Mother**

V. Smith, pro se
9323 Darcy Ct.
Santee, California 92071

**For Father**

A. Ayala, pro se
993 Postal Way
Vista, California 92083

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} In this consolidated appeal, the minor child's maternal aunt appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, finding that it lacked jurisdiction to decide custody issues related to the minor child. Finding merit to the appeal, we reverse and remand for proceedings consistent with this opinion.

## I. Procedural and Factual History

{¶3} The child ("A.G. A-G.") was born on November 25, 2010, in San Diego, California. His mother, V. Smith, was an unwed mother. The child's birth certificate identifies A. Ayala as the father.

{¶4} C. Smith ("appellant"), is the child's maternal aunt. On April 4, 2013, mother signed a "temporary guardianship agreement" naming appellant as the child's temporary guardian "for as long as necessary beginning April 12, 2013." As a result of this agreement, appellant traveled to California on April 10, 2013, and returned to Ohio with the child in her custody on April 20, 2013.

{¶5} On October 30, 2013, appellant, acting pro se, filed an application to determine custody with the Cuyahoga County Juvenile Court Division pursuant to R.C. 2151.23(A)(2) in Case No. CU-13115886. Appellant simultaneously filed a motion for emergency temporary custody. Within these pleadings, she argued that the child's parents were unfit to resume custody of the child based on their gang affiliations and drug

use in California. On October 31, 2013, the magistrate issued an order dismissing appellant's motions for lack of jurisdiction. The magistrate explained that California retained jurisdiction over the matter because the child was not a resident of Ohio. On November 15, 2013, the trial court adopted the magistrate's dismissal.

{¶6} On December 13, 2013, appellant filed a dependent child complaint in Case No. AD-13917917. On December 18, 2013, the magistrate issued an order dismissing appellant's complaint, stating: "this court lacks jurisdiction over this child. Jurisdiction lies with the court in California." On January 9, 2014, the trial court adopted the magistrate's dismissal.

{¶7} Appellant now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

{¶8} In her sole assignment of error, appellant argues that the trial court erred in determining that it lacked jurisdiction over the child.

{¶9} Normally, a trial court's decision regarding child custody issues are reviewed by an appellate court under the abuse of discretion standard. *Baxter v. Baxter*, 9th Dist. Lorain No. 10CA009927, 2011-Ohio-4034, ¶ 6, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An appellate court, however, reviews issues relating to subject-matter jurisdiction de novo because such a determination is a matter of law. *In re E.G. et al.*, 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495.

**{¶10}** R.C. 2151.23(F)(1) authorizes a juvenile court to exercise jurisdiction in custody matters in accordance with R.C. 3127.01 to 3127.53 of the Uniform Child Custody Jurisdiction and Enforcement Act ["UCCJEA"]. As the title of the act suggests, R.C. Chapter 3127 sets forth a series of standards and definitions for determining when an Ohio court has jurisdiction, as opposed to a court of another state, to issue a child custody decision. The primary purpose of the UCCJEA is "'to avoid jurisdictional competition and conflict with courts of other jurisdictions'" in custody matters. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 20, quoting *In re Palmer*, 12 Ohio St.3d 194, 196, 465 N.E.2d 1312 (1984). The UCCJEA gives "'jurisdictional priority and exclusive continuing jurisdiction to the home state.'" (Citation omitted.) *Id.*

**{¶11}** In order to strengthen the certainty of home-state jurisdiction, the UCCJEA eliminates the review of subjective factors, such as the child's best interest, from the original jurisdictional inquiry that existed in the former version of the UCCJEA. *Id.* at ¶ 21. Further, R.C. 3127.15(A) "is the exclusive jurisdictional basis for making a child custody determination by a court of this state." R.C. 3127.15(B).

**{¶12}** The UCCJEA, as codified in Ohio, provides four types of initial child-custody jurisdiction: (1) home-state jurisdiction, (2) significant-connection jurisdiction, (3) jurisdiction because of declination of jurisdiction, and (4) default jurisdiction. R.C. 3127.15(A)(1)-(4). *Rosen* at ¶ 31.

**{¶13}** Appellant relies primarily on R.C. 3127.15(A)(1), arguing that jurisdiction is proper under the home-state-of-the-child determination. R.C. 3127.15(A)(1), states, in relevant part:

> Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
>
> (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

"Home state" is defined by R.C. 3127.01(B)(7) as

> the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *. A period of temporary absence of any of them is counted as part of the six-month or other period.

R.C. 3127.01(B)(13) further defines "person acting as a parent" as

> a person other than the child's parent, who meets both of the following criteria:
>
> (a) The person has physical custody of the child or has had physical custody of the child for a period of six consecutive months, including any temporary absence from the child, within one year immediately before the commencement of a child custody proceeding; and
>
> (b) The person has been awarded legal custody by a court or claims a right to legal custody under the law of this state.

**{¶14}** In the case sub judice, the child had been in appellant's physical custody in Cuyahoga County, Ohio, for at least six consecutive months immediately preceding the commencement of the child custody proceedings in Case Nos. AD-13917917 and

CU-13115886. Therefore, Ohio would qualify as the child's "home state" if appellant had been awarded legal custody or claimed a right to legal custody under the laws of this state.

{¶15} In this matter, appellant was never awarded legal custody by a court, however, she presently claims a legal right to legal custody under R.C. 2151.27(A) and (C), and 2151.353(A)(3), which grant a non-parent the right to seek temporary and legal custody of a minor child from a parent. *In re Brown*, 2d Dist. Darke No. 1676, 2006-Ohio-3189, ¶ 6-7.

{¶16} Consistent with R.C. 2151.27(A) and (C), appellant filed a complaint with the trial court alleging that the child was dependent and asked the court to place the child in her temporary legal custody. Accordingly, we find that appellant was "a person acting as a parent," as defined by statute.

{¶17} Based on the foregoing, we conclude that all the requirements were met for Ohio to qualify as the child's "home state" under R.C. 3127.15(A)(1). Accordingly, the trial court erred in determining that it lacked jurisdiction over the child.

{¶18} Appellant's sole assignment of error is sustained.

{¶19} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR