STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.M.**

**No. 20-0630** (Berkeley County 19-JA-135)

## MEMORANDUM DECISION

Petitioner Mother K.M.-B., by counsel Jeffrey Gould, appeals the Circuit Court of Berkeley County's July 1, 2020[1], order terminating her parental rights to K.M.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Tracy Weese, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court lacked subject matter jurisdiction and erred in holding petitioner's adjudicatory hearing while petitioner was hospitalized and unable to attend.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a petition in March of 2019 alleging that petitioner's drug abuse negatively impacted her ability to parent then five-year-old S.M., a child not at issue on appeal.

---

[1]Petitioner attempts to also appeal the March 10, 2020, order terminating her parental rights to another child, S.M. However, petitioner failed to timely appeal that order and, therefore, it will not be reviewed.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[3]Petitioner does not specifically allege that the circuit court erred in terminating her parental rights to K.M.

Specifically, the DHHR alleged that petitioner abused nonprescribed methadone and that S.M., who was nonverbal and with special needs, had consumed and overdosed on "20-30 mgs of methadone," which required immediate emergency medical care. While at the hospital, petitioner complained of stomach pains and the hospital staff discovered that she was seven weeks pregnant with another child, K.M. Petitioner also tested positive for nonprescribed benzodiazepines and methadone. Petitioner further admitted to hospital staff that she took nonprescribed Neurontin, Xanax, and Suboxone, and failed to supervise S.M. Pertinent to this appeal, the DHHR listed petitioner and S.M.'s address as Martinsburg, West Virginia, though petitioner claimed to be a resident of Maryland. During an interview with the DHHR worker, petitioner admitted to having no plan for a place to live for herself and the children once she could no longer stay at the friend's house in Martinsburg. Thereafter, petitioner waived her preliminary hearing.

Upon petitioner's stipulation to drug abuse, the circuit court adjudicated petitioner as an abusing parent of S.M. in June of 2019. At a hearing in July of 2019, upon petitioner's motion for an improvement period, the circuit court noted petitioner's noncompliance with drug screening and failure to regularly attend supervised visits with the child. In August of 2019, petitioner filed a motion to dismiss the petition based upon the circuit court's lack of subject matter jurisdiction, arguing that Maryland was petitioner and S.M.'s home state, that petitioner and the child had no significant connection with West Virginia, and that no court in Maryland had declined jurisdiction. At a hearing upon the motion to dismiss in September of 2019, the DHHR and guardian proffered that the Department of Social Services of Maryland had not responded to inquiries about the matter. The circuit court held the motion in abeyance. At the end of the hearing, the circuit court ordered petitioner to present for a drug screen and she admitted that she would test positive for Percocet, an opiate for which she had no prescription. Petitioner also requested that her visitation time with S.M. be reduced.

By order entered in late September of 2019, the circuit court noted that it had conferred with a court in Washington County, Maryland, and that the Maryland court declined to exercise jurisdiction citing the lack of involvement of the parties in that county. Although the circuit court agreed that Maryland was the home state of the child S.M., pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), the court in Maryland had declined to exercise jurisdiction. As such, the circuit court denied petitioner's motion to dismiss.

The DHHR subsequently amended the petition in November of 2019 after petitioner gave birth to K.M., who tested positive for methadone and cocaine, and experienced severe symptoms because of the drug exposure.[4] The DHHR further alleged that, despite entering an inpatient rehabilitation program in September of 2019, petitioner voluntarily discharged after less than two months and without completing the treatment. The DHHR also alleged that petitioner tested positive for various combinations of benzoylecgonine/cocaine, opiates, fentanyl, methadone, and oxymorphone in April, June, July, and September of 2019. At the preliminary hearing on the amended petition, the circuit court stated that it again discussed the matter with

---

[4]K.M. was born in Maryland in October of 2019 and taken to a foster home in West Virginia shortly thereafter. He never resided with petitioner in Maryland.

the corresponding Maryland court and that it again declined to exercise jurisdiction. In March of 2020, the DHHR amended the petition to add allegations that C.W., the putative father of K.M., stabbed petitioner multiple times in mid-January of 2020 in Maryland.

The circuit court held a dispositional hearing as to S.M. in January of 2020, wherein petitioner failed to appear, but counsel represented her. Petitioner's counsel moved for a continuation of the hearing on the basis that petitioner was hospitalized in Maryland for injuries she received in a domestic incident with C.W. However, no evidence was produced in support of the assertion that petitioner was hospitalized.[5] The guardian objected, citing the statutory time limitations for the disposition of child abuse and neglect matters, and proffering that S.M. had been in DHHR custody since March of 2019. The guardian also noted that petitioner was never granted an improvement period. The circuit court concluded that petitioner's "lack of participation and progress pre-dated her hospitalization for the injuries sustained in the alleged domestic violence incident and her failure to be available for this hearing is not a consideration and the [circuit court] is not taking a negative inference from her failure to appear at this hearing." The circuit court denied petitioner's motion to continue disposition as to S.M. but continued adjudication as to K.M. Ultimately, the circuit court terminated petitioner's parental rights to S.M. Petitioner failed to timely appeal this termination.

In March of 2020, the circuit court held an adjudicatory hearing as to K.M., wherein petitioner failed to appear, but counsel represented her. Petitioner's counsel moved to continue the hearing citing petitioner's continued hospitalization in Maryland. The circuit court denied the motion finding that there was no good cause to continue the hearing as "the allegations of abuse and neglect took place significantly prior to [petitioner's] recent hospitalization." The circuit court noted petitioner's previous stipulation to drug abuse for her adjudication with S.M. and that petitioner continued to abuse drugs throughout the proceedings, resulting in K.M.'s being born drug-affected. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In June of 2020, the circuit court held a dispositional hearing. Petitioner testified and stated that she did not have a drug problem. The DHHR presented evidence that petitioner continued to abuse drugs throughout the proceedings, including while she was pregnant with K.M., had not complied with drug screening, failed to consistently visit with K.M., and had failed to stay in contact with the DHHR. The circuit court noted that despite the DHHR's offered services and petitioner's opportunity to address her drug addiction, she had failed to fully participate in the proceedings and avail herself of the services offered. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare.

---

[5]Petitioner's previous December of 2019 dispositional hearing was continued due to petitioner's alleged hospitalization. However, according to the record, petitioner was not hospitalized due to C.W.'s attack until mid-January of 2020. The order continuing the hearing required petitioner to produce medical records showing her hospitalization. Nonetheless, the record is devoid of any such medical excuses or documentation for the December of 2019 hearing.

Ultimately, the circuit court terminated petitioner's parental rights by order entered on July 1, 2020. It is from the dispositional order that petitioner appeals.[6]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court lacked subject matter jurisdiction because petitioner and K.M. were residents of Maryland, and Maryland, therefore, was their "home state" per the UCCJEA. According to petitioner, she was "only passing through" and "waiting on a ride" home to Maryland when S.M. ingested and overdosed on methadone, which started the underlying case. Petitioner argues that pursuant to the UCCJEA, West Virginia cannot exercise jurisdiction because petitioner lacked a significant connection to the state. Further, she argues, the Maryland court did not explicitly decline jurisdiction based upon West Virginia being the more appropriate forum.

The Court has held that "[t]he Uniform Child Custody Jurisdiction and Enforcement Act, West Virginia Code § 48-20-101, et seq., is a jurisdictional statute, and the requirements of the statute must be met for a court to have the power to adjudicate child custody disputes." Syl. Pt. 6, *Rosen v. Rosen*, 222 W. Va. 402, 664 S.E.2d 743 (2008). The requirements for subject matter jurisdiction under the UCCJEA are set out under West Virginia Code § 48-20-201.[7] This statute provides as follows:

> (a) Except as otherwise provided in section 20-204, a court of this state has jurisdiction to make an initial child custody determination only if:

---

[6]The father's parental rights were also terminated. The permanency plan for the child is adoption in his current foster home.

[7]*See* W. Va. Code § 48-20-201(b) ("Subsection (a) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this State.").

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 20-207 or 20-208, and:

(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;

(3) All courts having jurisdiction under subdivision (1) or (2) of this subdivision have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 20-207 or 20-208; or

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (1), (2) or (3) of this subsection.

Further, this Court has outlined the proper analysis in determining jurisdiction as such:

[A] court of this state must satisfy one of the four bases of jurisdiction set forth in Section 201(a). These four bases have been aptly summarized as 1) "home state" jurisdiction; 2) "significant connection" jurisdiction; 3) "jurisdiction because of declination of jurisdiction"; and 4) "default" jurisdiction. *See Rosen v. Celebrezze,* 117 Ohio St.3d 241, 883 N.E.2d 420, 427 (2008). These jurisdictional bases do not operate alternatively to each other, but rather, in order of priority— reaching the next basis of jurisdiction only if the preceding basis does not resolve the jurisdictional issue.

*In re K.R. and P.R.*, 229 W. Va. 733, 740, 735 S.E.2d 882, 889 (2012).

Here, the record shows that K.M. was born in Maryland in October of 2019, that petitioner returned to Maryland at some point during the underlying proceedings, and that the amended petition adding K.M. as an infant respondent was filed in November of 2019. As such,

Maryland was the home state for K.M. pursuant to West Virginia Code § 48-20-201(a )(1).[8] However, the record shows that the circuit court properly conferred with the corresponding court in Washington County, Maryland to determine jurisdiction as to S.M. and that court declined to exercise jurisdiction citing the lack of involvement of the parties in its county.[9] Later, at the preliminary hearing upon the amended petition regarding K.M., the circuit court again conferred with the Maryland court, and that court continued to decline jurisdiction. Accordingly, the circuit court exercised jurisdiction pursuant to West Virginia Code § 48-20-201(a)(3) as the home state declined to exercise jurisdiction. Although in its initial letter to the circuit court, the Maryland court did not explicitly state that West Virginia was the more appropriate forum, the record supports the finding as the initial child custody proceeding was filed in West Virginia; the child custody proceeding had been an ongoing since March of 2019; the DHHR's services and providers were in West Virginia; evidence such as hospital records were from West Virginia hospitals; witnesses were located in West Virginia; K.M.'s sibling, S.M., had lived in West Virginia since at least March of 2019; and K.M. was placed with S.M. in the same foster home in West Virginia. For these reasons, we find that petitioner is entitled to no relief.

Petitioner also argues on appeal that the circuit court erred by holding the adjudicatory hearing regarding K.M. when she was allegedly hospitalized and unable to attend. Petitioner contends that her counsel informed the circuit court of her injuries and hospitalization at the January 23, 2020, dispositional hearing for S.M., which led to her unavailability to testify and assist her counsel in preparation for the adjudicatory hearing held in March of 2020. According to petitioner, the circuit court deprived her of her right to participate and testify at her adjudication regarding K.M.[10] We disagree.

Petitioner's due process rights were protected as she was given notice of the adjudicatory hearing and counsel represented her. In these proceedings, the circuit court has the discretion to continue a hearing for good cause, and, in fact, did so at the January 23, 2020, hearing. *See In Interest of Tiffany Marie S*., 196 W. Va. 223, 235, 470 S.E.2d 177, 189 (1996) ("Whether a party

---

[8]The circuit court found that Maryland was the home state for the older sibling S.M., but made no such finding regarding K.M.

[9]Maryland's Uniform Child Custody Jurisdiction and Enforcement Act, which mirrors West Virginia Code § 48-20-207, states that a Maryland court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." Md. Code Fam. Law § 9.5-207. "The decision whether to relinquish the court's jurisdiction in favor of a more convenient one is one addressed to the sound discretion of the court." *Miller v. Mathias*, 428 Md. 419, 454, 52 A.3d 53, 73–74 (2012) (citation omitted).

[10]Petitioner also states that the circuit court "went forward with the disposition and terminated her parental rights to S.M., infant and deprived her of the ability to testify and participate in the hearings." Petitioner did not timely appeal the termination of her parental rights to S.M. and, therefore, this argument will not be addressed." Furthermore, petitioner was present at the dispositional hearing for K.M. and, in fact, testified. As such, there is no merit to this argument regarding K.M.

6

should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion."). The circuit court, having continued the proceedings once before, properly took evidence at the March of 2020 adjudicatory hearing. We find no error in the circuit court's denial of petitioner's second continuance and its holding of an adjudicatory hearing regarding K.M.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 1, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton