[Cite as *In re R.M.S.N.*, 2017-Ohio-9007.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | CASE NOS. 16 BE 0034 |
| | ) | 16 BE 0035 |
| R.M.S.N., | ) | |
| T.M.L.N., | ) | OPINION |
| | ) | |
| MINOR CHILDREN | ) | |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeals from the Court of Common Pleas, Juvenile Division, of Belmont County, Ohio
Case Nos. 13JG661; 13JG660

JUDGMENT:      Affirmed.

APPEARANCES:

For Appellee:      Atty. Joseph A. Varvra
Vavra Law Office
132 W. Main Street
St. Clairsville, Ohio 43950
No Brief Filed

For Appellant:      Atty. Elgine Heceta McArdle
McArdle Law Office
2139 Market Street
Wheeling, West Virginia 26003

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: December 11, 2017

WAITE, J.

{¶1} In these consolidated appeals, Appellant Oscar Norris is challenging decisions of the Belmont County Court of Common Pleas, Juvenile Division, granting Appellee Heather Beasley's motion to dismiss his request for a change in parenting time for lack of jurisdiction and ordering the transfer of the parties' child custody matters to Rowan County, North Carolina. Appellant argues the trial court erred in failing to rule on his motion for contempt regarding Appellee's relocation of the children to North Carolina without filing a notice of intent to relocate. Appellant also contends the trial court erred in declining to exercise jurisdiction over child custody matters pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). For the reasons below, neither of Appellant's arguments have merit. Pursuant to R.C. 3127.16, the trial court has exclusive, continuing jurisdiction until a court determines that none of the parties reside in Ohio. Further, utilizing the factors set forth in R.C. 3127.21(B), the trial court determined that the North Carolina forum was more convenient and appropriate, regardless of any alleged contemptuous conduct by Appellee. Therefore, based on this record, the judgments of the trial court are affirmed.

Statement of the Facts and Case

{¶2} The parties had been married and had two children, R.M.S.N. and T.M.L.N. Subsequent to the parties' divorce, they entered into a shared parenting plan relative to their children in the Family Court of Ohio County, West Virginia on January 24, 2012. The parties had lived in West Virginia during the marriage, and it appears that Appellant continues to reside in that state. Appellee had moved to

Belmont County, Ohio by August of 2011, and in May of 2013, Appellee sought a domestic violence civil protection order in Belmont County against Appellant based on a series of threatening text messages she had received from him. A hearing was held on May 2, 2013. Appellee testified and one of the minor children was interviewed by the court. The Belmont County Court of Common Pleas issued a domestic violence civil protection order on May 8, 2013. Appellant's parenting time was suspended for the duration of the civil protection order, which expired on May 2, 2014.

{¶3} On August 28, 2013, while the civil protection order was in effect, Appellee filed a motion to transfer jurisdiction of the parenting matters to Ohio. In her motion to transfer, Appellee stated that she and the children had been residing in Belmont County, Ohio since August of 2011, before the shared parenting agreement was issued in West Virginia, and that the children had been enrolled in school in the Shadyside School District since that time. Appellant did not dispute that Appellee and the children had been living in Ohio but did oppose transferring jurisdiction to Belmont County. A hearing was held on November 1, 2013. Both parties were present with counsel. Appellee sought not only to transfer jurisdiction of the parenting matters to Ohio but also to terminate the existing shared parenting agreement. While opposing the motion, Appellant did acknowledge the children had been living in Belmont County for at least six months prior to the filing of Appellee's motion. By this time, Appellant no longer resided in Ohio County, West Virginia and had relocated to Hancock County, West Virginia. The Belmont County Court of

Common Pleas, Juvenile Division granted Appellee's motion and accepted jurisdiction of the parties' child custody matters in a judgment entry dated January 8, 2014. The court noted that the children had attended the same school for two years and that Appellant had not exercised any parenting time since the civil protection order was issued. The judge concluded that there had been a change in circumstance and proceeded to evaluate the factors enumerated in R.C. 3109.04(F)(1)(a)-(j). Based on these factors, the court terminated the shared parenting agreement. Appellant was granted parenting time with the children every other Saturday from 10:00 a.m. to 6:00 p.m. Appellant never appealed that judgment nor did he make any attempt to enforce that order despite being estranged from his children for some time.

{¶4} It is undisputed that Appellee and the children moved to North Carolina in December of 2013. She relocated out of state without first seeking permission from the Belmont County Common Pleas Court. On May 12, 2015, Appellee filed a notice seeking registration of a foreign order in the trial court of Rowan County, North Carolina. Appellant filed a response in opposition on June 12, 2015. Appellant also filed a motion seeking a modification of his parenting time and alleging contempt on the part of Appellee with the Belmont Court on June 15, 2015. Appellee filed a motion to dismiss Appellant's Belmont County action for lack of jurisdiction on September 4, 2015. In Appellant's September 18, 2015 response he contended that the UCCJEA and Ohio statutes prohibited North Carolina from taking jurisdiction of any of the parenting issues.

{¶5} A hearing on the matter was held on March 11, 2016. On March 17, 2016 the magistrate issued a decision taking the jurisdictional dispute under advisement, but also ordering the minor children to contact Appellee every Sunday at 6:00 p.m. On March 21, 2016, a second magistrate's decision was issued declining to exercise jurisdiction over the matter and concluding that the North Carolina court was the most convenient forum, pursuant to R.C. 3127.21(B).

{¶6} Appellant filed objections to the magistrate's decision which were overruled by the trial court on May 26, 2016. Appellee filed a motion for reconsideration on July 26, 2016 which was also denied. Appellant then filed these timely appeals, which have been consolidated. For the sake of clarity, Appellant's assignments of error will be addressed together.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ADDRESS THE MAGISTRATE'S DENIAL OF JURISDICTION OVER APPELLANT'S PETITION FOR CONTEMPT.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO REVERSE THE MAGISTRATE'S RULING WHICH DECLINED TO EXERCISE JURISDICTION OVER A CUSTODY ORDER MADE IN BELMONT COUNTY, OHIO WHERE NO CUSTODY LITIGATION WAS OPEN IN NORTH CAROLINA.

**{¶7}** Appellant contends that the trial court erred in declining to take jurisdiction of the child custody matters at issue contrary to Ohio statutes and the UCCJEA.

**{¶8}** The purpose of the UCCJEA is to avoid conflicts between different states when there is a child custody dispute. Ohio has codified the UCCJEA in R.C. 3127.01, *et seq.* The Act's intent was to ensure that a particular state would not exercise jurisdiction over a child custody matter if a court in another state was already exercising jurisdiction over the same matter. *Rosen v. Celebrezze,* 117 Ohio St.3d 241, 2008-Ohio-853, at ¶ 20-21.

**{¶9}** An appellate court will only reverse a trial court's determination not to exercise jurisdiction under the UCCJEA if there has been an abuse of discretion. *In re N.R.,* 7th Dist. No. 09-MA-85, 2010-Ohio-753, at ¶ 12. Abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶10}** R.C. 3127.15(A) provides the exclusive jurisdictional basis for making a determination on child custody by an Ohio court. R.C. 3127.15(B):

(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum * * * and both of the following are the case:

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child * * *.

(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.

R.C. 3127.15(A).

**{¶11}** R.C. 3127.01(B)(7) defines "home state" as the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding.

**{¶12}** In the instant case, all parties agree that Appellee has lived in Rowan County, North Carolina since December of 2013 with both minor children. As such, North Carolina, and not Ohio, is considered the home state pursuant to R.C. 3127.15(A)(1). Moreover, Belmont County could not have taken jurisdiction of the custody proceedings pursuant to R.C. 3127.15(A)(2) as this section requires the court to determine either that another court does not have jurisdiction pursuant to R.C. 3127.15(A)(1), or that a court in the home state has declined to exercise jurisdiction on the basis that Ohio is the more appropriate forum. Here, Appellee filed a motion seeking registration of a foreign custody order with the Rowan County, North Carolina court. North Carolina is the children's home state in this matter and there is no evidence in the record that North Carolina has declined jurisdiction. Hence, jurisdiction is not proper in Ohio under this section. Likewise, Belmont County could not have exercised jurisdiction over the custody matters pursuant to R.C. 3127.15(A)(3) because no other state has declined to exercise jurisdiction on the ground that Ohio is the more appropriate forum. Finally, Belmont County could not assume jurisdiction by means of R.C. 3127.15(A)(4), as that section requires that no court of any other state has R.C. 3127.15(A)(1), (2), or (3) jurisdiction which, as already discussed, is not the case here.

{¶13} Turning to Appellant's contempt action, R.C. 3127.21, governing the determination of the appropriate forum in custody disputes, is also pertinent here. It states, in part:

(A) A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.

(B) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including the following:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside this state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

R.C. 3127.21.

{¶14} Thus, when determining whether an Ohio court is the appropriate forum for a child custody matter, the court must consider the eight factors in R.C. 3127.21(B).

{¶15} Appellant contends in his second assignment of error that the trial court erred in failing to rule on the contempt issue and that the Belmont County Common Pleas Court is the only court with jurisdiction over the allegations of contempt. R.C. 3127.22(A)(2) addresses unjustifiable conduct in the child custody context. It reads:

(A) Except as otherwise provided in section 3127.18 of the Revised Code or another law of this state, if a court of this state has jurisdiction under this chapter because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless one of the following applies:

(1) The parents and all persons acting as parents have agreed to the exercise of jurisdiction.

(2) A court of the state otherwise having jurisdiction under sections 3127.15 to 3127.17 of the Revised Code determines that this state is a more appropriate forum under section 3127.21 of the Revised Code or a similar statute of the state.

(3) No court of any other state would have jurisdiction under the criteria specified in sections 3127.15 to 3127.17 of the Revised Code.

{¶16} In this matter, the trial court correctly determined that, pursuant to R.C. 3127.15, North Carolina is the home state for purposes of these children and this custody dispute. Hence, although there may be a real question of unjustifiable conduct, as Ohio is not the appropriate forum to raise the underlying custody matter, the court may correctly decline jurisdiction over the allegations of contempt as they arise out of these custody proceedings. While Appellant claims that his ex-spouse absconded with the children and he had no idea of his children's whereabouts for over two years, this has no bearing on the appropriate jurisdictional forum. We also note that there is a factual dispute regarding Appellant's assertion. While Appellant says his children simply vanished, Appellee asserts that she maintained her telephone number and that Appellant has been in contact with her at various times during the two-year period in question, but never inquired about his children.

{¶17} Regardless, the trial court considered both R.C. 3127.15 as well as the factors set forth in R.C. 3127.21(B) and specifically found the following:

Under §3127.21, this court can decline to make a custody determination if another state is a more convenient forum, even when there has been unjustifiable conduct, pursuant to §3127.22(A)(2). Considering the factors set forth in §3127.21(B), Belmont County Juvenile Division Court is an inconvenient forum. The children have been outside of this state for over two years. The distance between Ohio and North Carolina is over 400 miles. The children may need to be interviewed in chambers and it would be burdensome for the interview to occur in Belmont County, Ohio. Finally, most of the professional witnesses are located in North Carolina.

(5/26/16 J.E., pp. 2-3.)

{¶18} Appellant refers this Court to the North Carolina UCCJEA provisions, contending that under this authority North Carolina cannot take jurisdiction over the contempt action. However, the provisions cited by Appellant (G.S. 50A-207, G.S.50A-2089(a)(2)) mirror the Ohio statutes and, like the Ohio statutes, are based on the same principles. The court did not foreclose Appellant's allegations of contempt; the court merely ordered that these be raised in the more appropriate North Carolina forum. Appellee and the children have a North Carolina residence. Appellant lives in West Virginia. No party to this action resides in Ohio.

{¶19} We must also note that in its March 17, 2016 decision, the magistrate proceeded to order weekly phone visitation with Appellant while explicitly withholding a determination relevant to jurisdiction. This was error, as the court was without

jurisdiction to issue such an order. However, it is harmless error in that it poses no prejudice to Appellant.

{¶20} The trial court did not err when it concluded that Ohio was not an appropriate forum for the instant child custody matters as: none of the parties reside in Ohio; the children have resided in North Carolina for over two years; requiring the children to travel 400 miles for a potential in camera interview would be burdensome; and any specialist or professional witnesses relating to the youngest child's medical condition would be located in North Carolina. In addition, although Appellant alleges unjustifiable conduct by Appellee in moving to North Carolina without filing a notice of intent to relocate and seeks an order in contempt, because all of the underlying custody determinations are now properly the jurisdiction of North Carolina courts, Ohio is not an appropriate forum and should not assume jurisdiction of this issue. Based on the foregoing, Appellant's first and second assignments of error lack merit. The trial court's judgment is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.